**LaMonica Herbst & Maniscalco, LLP**
*Counsel to R. Kenneth Barnard, Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 516.826.6500
Joseph S. Maniscalco, Esq.

Hearing Date: April 1 2025 at 10:00 a.m.
Objections Due: March 25, 2025 by 5:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x

In re:

MAX ADVANCE LLC and
QUICKSILVER CAPITAL LLC,

       Debtors.

Chapter 7
Case No.: 24-71824 (LAS)
Case No.: 24-71822 (LAS)
(Substantively Consolidated)

--------------------------------------------------------------------x

R. KENNETH BARNARD, ESQ., solely in his capacity
as Chapter 7 Trustee of the Estates of Max Advance LLC
and Quicksilver Capital LLC,

       Plaintiff,

-against-

MPFP FAMILY TRUST,

       Defendant.

Adv. Pro. No.: 24-08103 (LAS)

--------------------------------------------------------------------x

R. KENNETH BARNARD, ESQ., solely in his capacity
as Chapter 7 Trustee of the Estates of Max Advance LLC
and Quicksilver Capital LLC,

       Plaintiff,

-against-

POWERLINE FUNDING LLC,

       Defendant.

Adv. Pro. No.: 24-08104 (LAS)

--------------------------------------------------------------------x

---------------------------------------------------------------------x
R. KENNETH BARNARD, ESQ., solely in his capacity
as Chapter 7 Trustee of the Estates of Max Advance LLC
and Quicksilver Capital LLC,   Adv. Pro. No.: 24-08105 (LAS)

       Plaintiff,

-against-

FRANCINE PUDERBEUTEL,

       Defendant.
---------------------------------------------------------------------x
R. KENNETH BARNARD, ESQ., solely in his capacity
as Chapter 7 Trustee of the Estates of Max Advance LLC
and Quicksilver Capital LLC,   Adv. Pro. No.: 24-08106 (LAS)

       Plaintiff,

-against-

MURRAY PUDERBEUTEL and ETC CUSTODIAN
MURRAY PUDERBEUTEL,

       Defendants.
---------------------------------------------------------------------x

**NOTICE OF HEARING ON THE CHAPTER 7 TRUSTEE'S MOTION SEEKING APPROVAL OF THE STIPULATION AND ORDER BY AND BETWEEN THE CHAPTER 7 TRUSTEE, ON BEHALF OF THE DEBTOR'S ESTATE, AND THE DEFENDANTS RESOLVING ALL CLAIMS ASSERTED IN THE ADVERSARY PROCEEDINGS**

**PLEASE TAKE NOTICE** that, on **April 1, 2025 at 10:00 a.m.**, a hearing ("Hearing") shall be held at the United States Bankruptcy Court for the Eastern District of New York, 290 Federal Plaza, Central Islip, New York 11722 before the Honorable Louis A. Scarcella, United States Bankruptcy Judge, on the motion ("Motion")[1] of R. Kenneth Barnard, Esq. ("Trustee"), solely in his capacity as Chapter 7 Trustee of the bankruptcy estates of Max Advance LLC and Quicksilver Capital LLC (collectively, "Debtors"), by his counsel, LaMonica Herbst &

---

[1] Capitalized terms not otherwise defined herein shall have the definition ascribed to them in the Motion.

2

Maniscalco, LLP, seeking approval, pursuant to Bankruptcy Rule 9019, of the Stipulation and Order by and between the Trustee, on behalf of the Debtors' estates, and defendants, MPFP Family Trust ("Trust"), Powerline Funding LLC ("Powerline"), Francine Puderbeutel ("Francine"), and Murray Puderbeutel and ETC Custodian Murray Puderbeutel (collectively, "Murray", together with the Trust, Powerline, and Francine, referred to as "Defendants"), substantially in the form annexed to the Motion as **Exhibit "A"**, resolving the claims asserted in this adversary proceeding and granting such other and further relief as is just and proper.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought in the Motion must be in writing, conform with the Bankruptcy Code and Bankruptcy Rules, state with particularity the grounds therefor and be filed with the Bankruptcy Court no later than **March 25, 2025 by 5:00 p.m.** ("Objection Deadline") as follows: (i) through the Court's electronic filing system, which may be accessed through the internet at the Court's website at www.nyeb.uscourts.gov and in portable document format (PDF) using Adobe Exchange Software for conversion; or (ii) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a portable drive in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope. Two (2) single sided courtesy copies of any filed objection should simultaneously be sent to the Honorable Louis A. Scarcella, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, 290 Federal Plaza, Central Islip, New York 11722.

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion may be adjourned from time to time without any other announcement other than that set forth in open Court.

**PLEASE TAKE FURTHER NOTICE** that in the event no objections are received by the Objection Deadline, the Court may so-order the Stipulation without a hearing.

Dated: February 28, 2025
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to R. Kenneth Barnard, as Chapter 7 Trustee

By: */s/ Joseph S. Maniscalco*
Joseph S. Maniscalco, Esq.
A Member of the Firm
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 516.826.6500

**LaMonica Herbst & Maniscalco, LLP**  
*Counsel to R. Kenneth Barnard, Chapter 7 Trustee*  
3305 Jerusalem Avenue, Suite 201  
Wantagh, New York 11793  
Telephone: 516.826.6500  
Joseph S. Maniscalco, Esq.

Hearing Date: April 1, 2025 at 10:00 a.m.  
Objections Due: March 25, 2025 by 5:00 p.m.

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
-----------------------------------------------------------------x  
In re:

MAX ADVANCE LLC and  
QUICKSILVER CAPITAL LLC,

    Debtors.

Chapter 7  
Case No.: 24-71824 (LAS)  
Case No.: 24-71822 (LAS)  
(Substantively Consolidated)

-----------------------------------------------------------------x  
R. KENNETH BARNARD, ESQ., solely in his capacity as Chapter 7 Trustee of the Estates of Max Advance LLC and Quicksilver Capital LLC,

    Plaintiff,

-against-

MPFP FAMILY TRUST,

    Defendant.

Adv. Pro. No.: 24-08103 (LAS)

-----------------------------------------------------------------x  
R. KENNETH BARNARD, ESQ., solely in his capacity as Chapter 7 Trustee of the Estates of Max Advance LLC and Quicksilver Capital LLC,

    Plaintiff,

-against-

POWERLINE FUNDING LLC,

    Defendant.

Adv. Pro. No.: 24-08104 (LAS)

-----------------------------------------------------------------x

5

```
---------------------------------------------------------------------x
```
R. KENNETH BARNARD, ESQ., solely in his capacity
as Chapter 7 Trustee of the Estates of Max Advance LLC
and Quicksilver Capital LLC,	Adv. Pro. No.: 24-08105 (LAS)

    Plaintiff,

-against-

FRANCINE PUDERBEUTEL,

    Defendant.
```
---------------------------------------------------------------------x
```
R. KENNETH BARNARD, ESQ., solely in his capacity
as Chapter 7 Trustee of the Estates of Max Advance LLC
and Quicksilver Capital LLC,	Adv. Pro. No.: 24-08106 (LAS)

    Plaintiff,

-against-

MURRAY PUDERBEUTEL and ETC CUSTODIAN
MURRAY PUDERBEUTEL,

    Defendants.
```
---------------------------------------------------------------------x
```

**MOTION OF THE CHAPTER 7 TRUSTEE SEEKING APPROVAL OF THE STIPULATION AND ORDER BY AND BETWEEN THE CHAPTER 7 TRUSTEE, ON BEHALF OF THE DEBTOR'S ESTATE, AND DEFENDANTS RESOLVING <u>ALL CLAIMS ASSERTED IN THE ADVERSARY PROCEEDING</u>**

**TO THE HONORABLE LOUIS A. SCARCELLA,**
**UNITED STATES BANKRUPTCY JUDGE:**

  R. Kenneth Barnard, Esq. ("<u>Trustee</u>"), solely in his capacity as Chapter 7 Trustee ("<u>Trustee</u>") of the estates of Max Advance LLC and Quicksilver Capital LLC (collectively, "<u>Debtors</u>"), by his counsel LaMonica Herbst & Maniscalco, LLP, submits this motion ("<u>Motion</u>") seeking approval, pursuant to rule 9019 of the Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy Rules</u>"), of the stipulation and Order ("<u>Stipulation</u>") by and between the Trustee, on behalf of the Debtors' estates, and defendants, MPFP Family Trust ("<u>Trust</u>"), Powerline Funding

6

LLC ("Powerline"), Francine Puderbeutel ("Francine"), and Murray Puderbeutel and ETC Custodian Murray Puderbeutel (collectively, "Murray", together with the Trust, Powerline, and Francine, referred to as "Defendants", and Defendants together with Trustee, referred to as "Parties"), substantially in the form annexed as **Exhibit "A"**, resolving the claims asserted in the above-captioned adversary proceedings and granting such other and further relief as is just and proper, and respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court, Eastern District of New York ("Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is Bankruptcy Rule 9019(a).

## BACKGROUND

**A. The Procedural and Factual Background**

4. On May 10, 2024 ("Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11, Subchapter V, of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court, Eastern District of New York ("Court").

5. By Order of the Court entered on July 31, 2024 ("Conversion Date"), the Debtors' Chapter 11 cases were converted to cases under Chapter 7 of the Bankruptcy Code.

6. On July 31, 2024, R. Kenneth Barnard, Esq. was appointed as the Chapter 7 Trustee of each of the Debtors' estates, has duly qualified and is the permanent Trustee administering each of the Debtors' estates.

7. By Order of the Court entered on October 22, 2024, the Court substantively consolidated the Debtors' estates. See ECF No. 43.

## B. The Adversary Proceeding

8. The Debtors' books and records reflect that during the 90 day period immediately preceding the Petition Date ("Preference Period"), the Debtors made payments to: (i) the Trust, in the total amount of $27,476.25 (collectively, "Trust Transfers"); (ii) Powerline, in the total amount of $18,856.25 (collectively, "Powerline Transfers"); (iii) Francine, in the total amount of $45,434.58 (collectively, "Francine Transfers"); and (iv) Murray, in the total amount of $20,459.17 (collectively, "Murray Transfers") (collectively, the Trust Transfers, Powerline Transfers, Francine Transfers and Murray Transfers are the "Transfers").

9. The Transfers made to the Defendants were in the aggregate amount of $112,226.25.

10. As a result, on November 8, 2024, the Trustee commenced separate adversary proceedings (collectively, "Adversary Proceedings") by filing complaints seeking to avoid and recover transfers made to each of the Defendants during the Preference Period as follows: (i) against the Trust totaling $27,476.25 [Adv. Pro. No.: 24-8103]; (ii) against Powerline totaling $18,856.25 [Adv. Pro. No.: 24-8104]; (iii) against Francine totaling $45,434.58 [Adv. Pro. No.: 24-8105]; and (iv) against Murray totaling $20,459.17 [Adv. Pro. No.: 24-8106].

11. The Court issued a summons in each of the Adversary Proceedings, and the Trustee effectuated service of process of the summonses and complaints on the Defendants in each of the Adversary Proceedings and filed proof of such service with the Court.

12. On January 14, 2025, pre-trial conferences were held in each of the Adversary Proceedings, and the Court noted the default of each of the Defendants.

13. On January 15, 2025, the Court entered Orders in each of the Adversary Proceedings entering the default of the Defendants and directing the Trustee to move for entry of default judgments.

14. On February 4, 2025, the Trustee timely moved in each of the Adversary Proceedings for entry of default judgments against the Defendants.

15. Thereafter, the Defendants, through counsel, contacted the Trustee to discuss a potential resolution of the claims asserted in each of the Adversary Proceedings.

16. The Parties, through their respective counsel, engaged in arm's-length negotiations, and as a result, entered into the proposed stipulation ("<u>Stipulation</u>"). The salient terms of the Stipulation are set forth herein, however, all parties are directed to the Stipulation annexed as **<u>Exhibit "A"</u>** for its full terms and conditions.

C. **<u>Terms of Stipulation of Settlement</u>**

17. Under the terms of the Stipulation, the Defendants agreed to pay to the Trustee, on behalf of the Debtors' estates, the sum of $100,000 ("<u>Settlement Sum</u>") in full and final satisfaction of the Transfers and the claims asserted in each of the Adversary Proceedings. The Settlement Sum will be paid by March 5, 2025.

18. Pursuant to the terms of the Stipulation, the Settlement Sum will be paid by check made payable to "R. Kenneth Barnard, as Trustee" and delivered to the Trustee at 3305 Jerusalem Avenue, Suite 215, Wantagh, New York 11793 (Attn: Joseph S. Maniscalco, Esq.). The Trustee anticipates to receive the Settlement Sum by March 5, 2025, and will hold the Settlement Sum in the Debtors' estates bank account maintained by the Trustee until the Stipulation becomes final and non-appealable, at which time the Settlement Sum will be deemed property of the Debtors' estates.

19. The Stipulation also provides for certain mutual releases between the Parties of claims and causes of action that each may hold, including, but not limited to, those arising or in connection with the Transfers and the Adversary Proceedings.

## BASIS FOR THE RELIEF REQUESTED

20. By this Motion, the Trustee seeks approval of the proposed Stipulation as being fair, equitable, and in the best interests of the estate. For the reasons set forth more fully below, the Trustee submits that the settlement falls well above the lowest level of reasonableness and urges the Court to approve the Stipulation.

21. Settlements and compromises are favored in bankruptcy as they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate. See In re Dewey & Leboeuf L.L.P., 478 B.R. 627, 640 (Bankr. S.D.N.Y. 2012).

22. Under Bankruptcy Rule 9019, the court has the authority to "approve a compromise or settlement." FED. R. BANKR. P. 9019(A). A court must determine that a settlement under Bankruptcy Rule 9019 is fair, equitable, and in the best interests of the estate before it may approve a settlement. See In re Drexel Burnham Lambert Grp., Inc., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (citing Protective Comm. for Indep. S'holders of TMT Trailer Ferry v. Anderson, 390 U.S. 414, 424 (1968)). See also Topwater Exclusive Fund III, L.L.C. v. SageCrest II, L.L.C. (In re Sagecrest II), Nos. 3:10cv978 (SRU), 3:10cv979 (SRU), 2011 WL 134893, at *8-9 (D. Conn. Jan. 14, 2011); Cousins v. Pereira (In re Cousins), No. 09 Civ. 1190(RJS), 2010 WL 5298172, at *3 (S.D.N.Y. Dec. 22, 2010); In re Chemtura Corp., 439 B.R. 561, 593–94 (Bankr. S.D.N.Y. 2010); In re Lehman Bros. Holdings, Inc., 435 B.R. 122, 134 (S.D.N.Y. 2010).

23. A court's responsibility is to "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." Chemtura, 439 B.R. at 594 (quoting

In re W.T. Grant, Co., 699 F.2d 599, 608 (2d Cir. 1983)) (internal quotations omitted). However, the court is not required to go so far as to conduct a trial on the terms to approve a settlement. Id. Rather, the court may rely upon the opinions of the trustee, the parties and their attorneys to evaluate the settlement and to make an independent judgment. See In re Adelphia Commc'ns. Corp., 368 B.R. 140, 225-26 (Bankr. S.D.N.Y. 2007).

24.     The Court must inform itself of "all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated." O'Connell v. Packles (In re Hilsen), 404 B.R. 58, 70 (Bankr. E.D.N.Y. 2009) (quoting TMT Trailer Ferry, 390 U.S. at 424) (internal quotations omitted). The United States Court of Appeals for the Second Circuit outlined the test for consideration of settlements under the Bankruptcy Rules in Motorola, Inc. v. Off. Comm. of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 462 (2d Cir. 2007). The factors to be considered are interrelated and require the court to evaluate:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment; (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement;" (4) whether other parties in interest support the settlement; (5) "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors;" and (7) "the extent to which the settlement is the product of arm's length bargaining.

Id. (internal citations omitted). The burden is on the settlement proponent to persuade the court that the settlement is in the best interests of the estate. See 8 NORTON BANKRUPTCY LAW AND PRACTICE 3D § 167:2 (3d ed. 2011). In this regard, the granting of releases in connection with a settlement of claims is left to the trustee's business judgment. See, e.g., Morley v. Ontos, Inc. (In re Ontos, Inc.), 478 F.3d 427, 433 (1st Cir. 2007) (affirming decision approving stipulation containing release of claims by trustee in connection with settlement of claims); Krohn v. Lawlor,

11

2007 U.S. Dist. LEXIS 66763, 2007 WL 2687663 (E.D.N.Y. Sept. 10, 2007) (approving settlement agreement in which the trustee granted releases).

25. Here, the Trustee determined in his reasonable business judgment that the proposed settlement embodied in the Stipulation is fair and reasonable within the governing standards. In assessing the settlement, the Court should consider (as Trustee has) the following: (a) the likely probability that the prosecution of the Transfers would be protracted, contested, and require discovery which would, among other things, result in increased administrative fees and expenses; (b) the fact that litigation is necessarily unpredictable and that there is no guaranty of success; (c) the mutuality of the releases and the fact that the settlement would likely not be possible absent such releases; and (d) the settlement embodied in the Stipulation was the result of arm's-length negotiations between the Parties.

26. Ultimately, the benefits embodied in the Stipulation outweigh the potential benefits of protracted litigation, the outcome of which is necessarily uncertain. The Parties engaged in settlement negotiations and entered into a reasonable and fair settlement that provides for substantial recovery for the Debtors' estates while removing the detriment of protracted litigation. Ultimately, the Parties agreed upon a Settlement Sum in the amount of $100,000, which represents just under 90% of the Defendants' exposure in each of the Adversary Proceedings. The Trustee submits that the proposed settlement is fair and reasonable given the defenses asserted and documentation provided.

27. Lastly, this proposed settlement eliminates a potentially negative result, avoids the incurrence of additional fees, costs and expenses, and results in closure.

28.     Accordingly, for the reasons set forth herein, the Trustee, in his business judgment, submits that this settlement is fair and well above the lowest point of the range of reasonableness, and the Trustee respectfully requests that the Court approve the proposed Stipulation.

**NOTICE AND NO PRIOR REQUEST**

29.     In accordance with Bankruptcy Rules 2002(a)(3) and 2002(h), the Trustee will serve a copy of this Motion, with its accompanying exhibit and a notice of hearing, by e-mail or first-class mail upon: (a) Defendants, through counsel; (b) the Debtors, through counsel; (c) the United States Trustee; (d) all parties that filed Notices of Appearances in the case; (e) all known creditors, and (f) all applicable taxing authorities and governmental units.

30.     No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that the Court approve the proposed Stipulation pursuant to Bankruptcy Rule 9019, and grant such other further relief as the Court seems just and proper.

Dated: February 28, 2025        **LaMONICA HERBST & MANISCALCO, LLP**
Wantagh, New York               Counsel to R. Kenneth Barnard, as Chapter 7 Trustee

By:     */s/ Joseph S. Maniscalco*
        Joseph S. Maniscalco, Esq.
        A Member of the Firm
        3305 Jerusalem Avenue, Suite 201
        Wantagh, New York 11793
        Telephone: 516.826.6500