# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

MAX ADVANCE LLC and
QUICKSILVER CAPITAL LLC,

       Debtors.

Chapter 7
Case No.: 24-71824 (LAS)
Case No.: 24-71822 (LAS)
(Substantively Consolidated)

-----------------------------------------------------------------x
R. KENNETH BARNARD, ESQ., solely in his capacity
as Chapter 7 Trustee of the Estates of Max Advance LLC
and Quicksilver Capital LLC,

       Plaintiff,

-against-

MPFP FAMILY TRUST,

       Defendant.

Adv. Pro. No.: 24-08103 (LAS)

-----------------------------------------------------------------x
R. KENNETH BARNARD, ESQ., solely in his capacity
as Chapter 7 Trustee of the Estates of Max Advance LLC
and Quicksilver Capital LLC,

       Plaintiff,

-against-

POWERLINE FUNDING LLC,

       Defendant.

Adv. Pro. No.: 24-08104 (LAS)

-----------------------------------------------------------------x
R. KENNETH BARNARD, ESQ., solely in his capacity
as Chapter 7 Trustee of the Estates of Max Advance LLC
and Quicksilver Capital LLC,

       Plaintiff,
-against-

FRANCINE PUDERBEUTEL,

       Defendant.

Adv. Pro. No.: 24-08105 (LAS)

-----------------------------------------------------------------x

```
-----------------------------------------------------------------x
```
R. KENNETH BARNARD, ESQ., solely in his capacity
as Chapter 7 Trustee of the Estates of Max Advance LLC
and Quicksilver Capital LLC,                                    Adv. Pro. No.: 24-08106 (LAS)

        Plaintiff,

-against-

MURRAY PUDERBEUTEL and ETC CUSTODIAN
MURRAY PUDERBEUTEL,

        Defendants.
```
-----------------------------------------------------------------x
```

## STIPULATION OF SETTLEMENT

Plaintiff R. Kenneth Barnard, Esq., solely in his capacity as Chapter 7 Trustee ("Trustee") of the Estates of Max Advance LLC ("Max Advance") and Quicksilver Capital LLC ("Quicksilver", and Max Advance and Quicksilver, together, referred to as "Debtors") and defendant MPFP Family Trust ("Trust"), defendant Powerline Funding LLC ("Powerline"), defendant Francine Puderbeutel ("Francine"), and defendants Murray Puderbeutel and ETC Custodian Murray Puderbeutel ("Murray", together with the Trust, Powerline and Francine, referred to as "Defendants"), by and through their undersigned counsel, hereby stipulate and agree as follows:

WHEREAS, on May 10, 2024 ("Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11, Subchapter V, of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court, Eastern District of New York ("Court");

WHEREAS, by Order of the Court dated July 31, 2024 ("Conversion Date"), the Debtors' Chapter 11 cases were converted to cases under Chapter 7 of the Bankruptcy Code;

WHEREAS, on July 31, 2024, R. Kenneth Barnard, Esq. was appointed as the Chapter 7 Trustee of each of the Debtors' estates, has duly qualified and is the permanent Trustee administering each of the Debtors' estates;

WHEREAS, by Order dated October 22, 2024 [ECF No. 43], the Court substantively consolidated the Debtors' estates;

WHEREAS, on November 8, 2024, the Trustee commenced separate adversary proceedings (collectively, "Adversary Proceedings") by filing complaints seeking to avoid transfers made to each of the Defendants during the ninety (90) day period immediately preceding the Petition Date ("Preference Period") as follows: (i) against the Trust totaling $27,476.25 (collectively, "Trust Transfers") [Adv. Pro. No.: 24-8103]; (ii) against Powerline totaling $18,856.25 (collectively, "Powerline Transfers") [Adv. Pro. No.: 24-8104]; (iii) against Francine totaling $45,434.58 (collectively, "Francine Transfers") [Adv. Pro. No.: 24-8105]; and (iv) against Murray totaling $20,459.17 (collectively, "Murray Transfers") [Adv. Pro. No.: 24-8106] (collectively, the Trust Transfers, Powerline Transfers, Francing Transfers and Murray Transfers are the "Transfers");

WHEREAS, the Trustee effectuated service of process of the summonses and complaints on the Defendants in each of the Adversary Proceedings and filed proof of such service with the Court;

WHEREAS, on January 14, 2025, pre-trial conferences were held in each of the Adversary Proceedings;

WHEREAS, the Defendants failed to appear at the January 14, 2025 pre-trial conferences and the default of each of the Defendants was noted;

WHEREAS, on January 15, 2025, the Court entered Orders in each of the Adversary

3

Proceedings entering the default of the Defendants and directing the Trustee to move for entry of default judgments;

WHEREAS, on February 4, 2025, the Trustee timely moved in each of the Adversary Proceedings for entry of default judgments against the Defendants;

WHEREAS, thereafter, the Defendants, through counsel, contacted the Trustee to discuss a potential resolution of the claims asserted in each of the Adversary Proceedings;

WHEREAS, the Trustee and the Defendants (together, "Parties" and each a "Party"), by and through their respective counsel, engaged in arm's-length negotiations and determined, without admitting liability of any kind, to resolve the claims asserted in each of the Adversary Proceedings on the terms and subject to the conditions set forth in this Stipulation of Settlement ("Stipulation").

NOW THEREFORE, for good and valuable consideration, it is hereby stipulated, consented to and agreed to by and between the Parties as follows:

1. Simultaneous with Defendants' execution of this Stipulation, the Defendants shall pay the sum of $100,000 ("Settlement Sum") to the Trustee in full and final satisfaction of the claims asserted in each of the Adversary Proceedings. The Settlement Sum shall be paid by check issued to "R. Kenneth Barnard, as Trustee" and delivered to the Trustee at 3305 Jerusalem Avenue, Suite 215, Wantagh, New York 11793 (Attn: Joseph S. Maniscalco, Esq.). The Settlement Sum shall be deposited in the estates' bank account maintained by the Trustee pending approval of this Stipulation.

2. Upon receipt and clearance of the Settlement Sum, the Trustee shall seek the entry of an Order of the Court authorizing and approving this Stipulation.

3. Upon the entry of an Order approving this Stipulation and that Order becoming

4

final and non-appealable: (a) the Defendants shall be deemed to have, and shall have, released and forever discharged the Trustee, the Trustee's professionals and the Debtors' estates from any and all claims and causes of action, of whatever kind, nature, character and description, whether in law or equity, whether in tort, contract or under other applicable law, whether known or unknown, whether liquidated or unliquidated, whether contingent or fixed, and whether anticipated or unanticipated, which the Defendants have, had, may have had, or may ever claim to have, against the Trustee and the Debtors' estates relating to the Transfers or that otherwise were or could have been asserted in the Adversary Proceedings; and (b) Defendants waive all claims against the Debtors' estates, whether filed or unfiled.

4. Upon the entry of an Order approving this Stipulation and that Order becoming final and non-appealable, the Trustee, on behalf of himself, his professionals, the Debtors and the Debtors' estates, shall be deemed to have, and shall have, released and forever discharged the Defendants from any and all claims and causes of action, of whatever kind, nature, character and description, whether in law or equity, whether in tort, contract or under other applicable law, whether known or unknown, whether liquidated or unliquidated, whether contingent or fixed, and whether anticipated or unanticipated, which the Trustee, the Trustee's professionals and the Debtors' estates have, had, may have had, or may ever claim to have, against the Defendants relating to the Transfers or that otherwise were or could have been asserted in the Adversary Proceedings.

5. This Stipulation is a compromise and settlement of disputed claims and is the product of arm's-length negotiations. The Parties either have counsel or have been given the opportunity to have counsel review this Stipulation and provide their input. The Parties understand and agree that the payment of the Settlement Sum and the execution and delivery of this Stipulation

shall not constitute or be construed as an admission or adjudication, express or implied, of any fact or liability whatsoever with respect to any claims that are the subject matter of this Stipulation, or any issue of fact, law, or liability of any type or nature with respect to any matter whether or not referred to herein, and none of the Parties hereto has made such an admission.

6. In the event the Court declines to approve the Stipulation: (a) the Stipulation shall become null, void, and of no further force or effect, and nothing contained herein shall be deemed an admission by any of the Parties; and (b) the Trustee shall return the Settlement Sum to the Defendants within ten (10) business days.

7. This Stipulation sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

8. This Stipulation shall be binding upon the Parties, their respective heirs, executors, successors, administrators and assigns.

9. This Stipulation may not be amended or modified other than in writing executed by each of the Parties.

10. The undersigned represent and warrant that they have full authority to execute this Stipulation on behalf of their respective Party or client and have obtained all necessary approvals, but the Trustee's authority to bind the Debtors' estates to the settlement is subject to approval by the Court.

11. This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

12. The Court shall retain exclusive jurisdiction over the subject matter of this Stipulation.

Dated: February 28, 2025
Mineola, New York

**THE LAW OFFICES OF CHARLES WERTMAN P.C.**
*Counsel to Defendants*

By: /s/ Charles Wertman
Charles Wertman, Esq.
100 Merrick Road, Suite 304 W
Rockville Centre, New York 11570
Telephone: (516) 284-0900

Dated: February 28, 2025
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Plaintiff R. Kenneth Barnard, as Trustee*

By: /s/ Joseph S. Maniscalco
Joseph S. Maniscalco, Esq.
A Member of the Firm
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500

7